MARY G. LELAND vs. THOMAS QUINN.

Franklin.   September 21, 1932. — September 23, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Negligence*, Contributory, In use of way.

On the evidence at the trial of an action of tort for personal injuries sustained by a pedestrian when he was struck, while crossing a street, by an automobile of the defendant, which in part was to the effect that the plaintiff, following others, was almost across the street when he paused to let the defendant's automobile pass in front of him and was struck by it, it could not properly have been ruled as a matter of law that the plaintiff was guilty of contributory negligence.

TORT.   Writ dated October 20, 1928.

The action was tried in the Superior Court before *W. A.*

*Burns*, J. Material evidence is stated in the opinion. The judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $3,000. The defendant alleged an exception.

The case was submitted on briefs.

*W. A. Davenport*, for the defendant.

*C. Fairhurst*, for the plaintiff.

BY THE COURT. The only contention of the defendant, in this action of tort to recover compensation for personal injuries sustained by the plaintiff through his negligence, is that as matter of law the plaintiff was not in the exercise of due care or was guilty of contributory negligence. There was evidence tending to show that the plaintiff on the afternoon of a fair day while returning from a funeral started to cross a street, others being in front and still others behind her, looked in the direction from which the defendant came, where her vision was unobstructed for three hundred feet or more, and saw no automobile approaching; that as the plaintiff with her group neared the further side of the street her companions ran and reached the sidewalk in safety but she stepped back to let the defendant's automobile, then almost upon her, pass in front of her and was struck by it and injured. Plainly the case was for the jury.

*Exceptions overruled.*